IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE LIFE INSURANCE COMPANY, | : : : | |
| | : | CIVIL ACTION |
| Plaintiff, | : : | NO. 05-00281 |
| v. | : : | |
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, | : : : | |
| Defendant. | : : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                                                                                              April 26, 2006

        Presently before the Court are Plaintiff's Motion for Reconsideration and Amendment of the Order Dismissing this Action (Docket No. 10), Defendant's Motion to Strike the Factual Allegations Contained in Plaintiff's Motion for Reconsideration (Docket No. 12), Defendant's Response in Opposition (Docket No. 13), Plaintiff's Consolidated Memorandum of Law Reply in Support of its Motion for Reconsideration and Amendment of the Order Dismissing this Action and in Opposition to Defendant's Motion to Strike Evidence of Defendant's Own Interpretation of the Insurance Policy that it Issued (Docket No. 14), Defendant's Reply in Support of its Motion to Strike (Docket No. 15), and Defendant's Supplemental Memorandum in Opposition to Motion for Reconsideration and in Further Support

of Motion to Strike (Docket No. 17).  For the reasons discussed below, Plaintiff's Motion for Reconsideration is denied.[1]

**I.  FACTS AND PROCEDURAL HISTORY**

Previously, Plaintiff made a claim under the ALTA 9 Endorsement of a title insurance policy (the "Policy") issued by Defendant.  Plaintiff argued that the Declaration of Restrictions (the "Declaration") entered into by Plaintiff's predecessor in interest[2] contains a right of first refusal and/or an option to purchase.  According to Plaintiff, coverage for an option to purchase and right of prior approval exists under the ALTA 9 Endorsement of the Policy. Defendant denied Plaintiff's claim for coverage.  Plaintiff subsequently filed a declaratory judgment action seeking a declaration as to coverage and liability under the Policy.

In a Memorandum dated October 19, 2005, this Court granted Defendant's Motion to Dismiss Plaintiff's Complaint. (Docket No. 9.)  The Court found that "[t]he ALTA 9 Endorsement provides coverage for an instrument referred to in Schedule B, if that instrument provides for an option to purchase, a right of first refusal, or the prior approval of a future purchaser or occupant, *unless* that instrument is expressly excepted in Schedule B." (emphasis in original).  The Court noted that the document at issue in this case, the Declaration, is listed on Schedule B, Part I, and therefore, it is "referred to in Schedule B."  For purposes of the Motion to Dismiss, the Court assumed, without deciding, that the Declaration contains an option to purchase, a right of first refusal, or the prior approval of a future purchaser or occupant.  Finally,

---

1.   The Court denies Defendant's Motion to Strike as moot.  By an order dated January 4, 2006, the Court granted in part and denied in part Defendant's original Motion to Strike.  Even if the Court were to consider the evidence that survived the Court's January 4, 2006 Order, the Court would still deny Plaintiff's Motion for Reconsideration.

2.   A more detailed discussion of the Declaration can be found in the Court's October 19, 2005 opinion.  (Docket No. 9.)

the Court found that the Declaration was "expressly excepted in Schedule B," and therefore, Plaintiff was not afforded coverage for its claim under the ALTA 9 Endorsement.

The parties disputed the meaning of "expressly excepted in Schedule B." Plaintiff argued that the language "expressly excepted from the coverage afforded by the ALTA 9 endorsement" was necessary to except an item from coverage. The Court rejected this argument and found that the Declaration was "expressly excepted in Schedule B" because: (1) Schedule B, Part I, under which the Declaration is listed, is titled "Exceptions from Coverage;" and (2) Schedule B, Part I states that the "policy does not insure against loss or damage . . . which arise by reason of" several items, including the Declaration. The Court adopted Defendant's explanation that Schedule B, Part II is covered under the ALTA 9 Endorsement, because: (1) the heading "Exceptions from Coverage" does not appear over Schedule B, Part II, as it does over Schedule B, Part I, and (2) the language preceding Part II indicates that the items listed in Part II are not exceptions from coverage ("the Company insures that these matters are subordinate to the lien or charge of the insured mortgage upon the estate or interest").

Plaintiff then filed a Motion for Reconsideration and Amendment of the Order Dismissing this Action which is presently before the Court.

## II.  STANDARD OF REVIEW

Local Rule of Civil Procedure 7.1(g) allows a party to make a motion for reconsideration. "The purpose of the motion for reconsideration is to correct manifest error of law or fact or to present newly discovered evidence." <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). Motions for reconsideration are granted sparingly. <u>Cont'l Cas. Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995). District courts should grant a

3

party's motion for reconsideration in only three situations: "(1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." Yang v. Astra Zeneca, No. 04-4626, 2005 U.S. Dist. LEXIS 18567, at *2 (E.D. Pa. Aug. 29, 2005) (quoting New Chemic (U.S.), Inc. v. Fine Grinding Corp., 948 F. Supp. 17, 18-19 (E.D. Pa. 1996)).

**III. ANALYSIS**

Plaintiff makes two arguments in its Motion for Reconsideration. First, Plaintiff argues that the Court incorrectly held that Schedule B, Part II does not list exceptions to policy coverage. Plaintiff argues that the items listed in Part II are exceptions to coverage just as the items listed in Part I are exceptions, but that the exceptions listed in Part II are subordinate to the insured mortgage. The Court finds that even if Schedule B, Part II does list exceptions to coverage, as Plaintiff contends, the Court would still conclude that the items listed in Schedule B, Part I, including the document at issue in this case, the Declaration, are exceptions from coverage. Whether Schedule B, Part II is read as listing exceptions to coverage or not would not change the Court's interpretation of Schedule B, Part I and thus its conclusion regarding the Declaration. But, the Court notes that it does interpret Schedule B, Part II as containing information relating to prioritization of liens and not exceptions to coverage, as suggested in our original opinion.

Second, Plaintiff argues that under the Policy, "the phrase *'unless expressly excepted on [sic] Schedule B'* requires a description of the specific easement, lien, private charge, option or right. Merely listing the instrument in which such a defect is found is not sufficient." (Pl.'s Mot. Recons. at 11 n.9.) (emphasis in original). In sum, Plaintiff's position is

that "it is the absence of a description on Schedule B that affords coverage, not the addition of language in Part II of Schedule B. The Court held that language must be added to Schedule B, Part II to afford ALTA coverage. This was clear legal error." Id. at 11. In making this argument, Plaintiff relies on the following language from Defendant's website:[3]

> Paragraph 1(b)(2) insures the lender that a document, described **only** as containing restrictions, doesn't contain a grant of an easement, a lien for liquidated damages, a private charge or assessment, an option, a right of first refusal or a right for prior approval of a future purchaser or occupant . . . . Paragraph (1)(b)(2) is found under paragraph 1(b) because an *exception that fully describes the features* of a document kills the coverage. . . . If the exception has incomplete disclosure, the lender must review all of the recorded documents for an opinion that none contains a provision that might harm it.

(Pl.'s Mot. Recons. Aff. Aaron Stock ¶ 7.) (emphasis in original).

In response, Defendant makes two arguments. First, in reference to the first sentence of the above quoted material, Defendant correctly points out that the Declaration is not described as containing *only* restrictions. Therefore, Defendant *does not* insure Plaintiff, the lender, that the Declaration is free of options, rights of first refusal or rights for prior approval of a future purchaser or occupant. Second, in reference to the last sentence of the above quoted material, Defendant claims that it was Plaintiff's duty to exercise proper diligence before issuing the subject mortgage. Therefore, even if the Declaration is considered an "incomplete disclosure," the Court agrees with Defendant that Plaintiff bore the burden of completing proper diligence.

---

[3]. Defendant maintains that this information is not from its website "but rather from a wholly separate corporate entity, LandAmerica Financial Group." (Def.'s Supp. Mem. at 1 n.1.)

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration and Amendment of the Order Dismissing this Action is denied.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONWIDE LIFE INSURANCE COMPANY, : | |
| : | CIVIL ACTION |
| Plaintiff, : | NO. 05-00281 |
| : | |
| v. : | |
| : | |
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, : | |
| : | |
| Defendant. : | |

## ORDER

**AND NOW,** this 26th day of April, 2006, upon consideration of Plaintiff's Motion for Reconsideration and Amendment of the Order Dismissing this Action (Docket No. 10), Defendant's Motion to Strike the Factual Allegations Contained in Plaintiff's Motion for Reconsideration (Docket No. 12), Defendant's Response in Opposition (Docket No. 13), Plaintiff's Consolidated Memorandum of Law Reply in Support of its Motion for Reconsideration and Amendment of the Order Dismissing this Action and in Opposition to Defendant's Motion to Strike Evidence of Defendant's Own Interpretation of the Insurance Policy that it Issued (Docket No. 14), Defendant's Reply in Support of its Motion to Strike (Docket No. 15), and Defendant's Supplemental Memorandum in Opposition to Motion for Reconsideration and in Further Support of Motion to Strike (Docket No. 17), it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

In addition, Defendant's Motion to Strike is **DENIED** as **MOOT.**

BY THE COURT:

*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.