**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATIONWIDE LIFE INSURANCE COMPANY, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 05-281 |
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, | : | |
| Defendant. | : | |

# MEMORANDUM

BUCKWALTER, S.J. March 23, 2011

Currently pending before the Court are Defendant Commonwealth Land Title Insurance Company's ("Commonwealth") Motion for Reconsideration or, Alternatively, for Interlocutory Appeal, and Plaintiff Nationwide Life Insurance Company's ("Nationwide") Response. For the following reasons, the Motion is granted in part and denied in part.[1]

## I. MOTION FOR RECONSIDERATION

Defendant initially contends that this Court should reconsider its February 17, 2011 summary judgment ruling for four separate reasons. First, it states that the decision cannot be reconciled with the ruling of the Third Circuit and is contrary to Plaintiff's own averments. Second, it asserts that the Court neglected to apply the uncontested evidence of industry and

[1] This Court provided a full summary of the facts relevant to the parties' Cross-motions for Summary Judgment in the Opinion dated February 17, 2011. Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co., No. CIV.A.05-281, 2011 WL 611802 (E.D. Pa. Feb. 17, 2011). In lieu of repeating these facts, that synopsis is incorporated by reference into this Opinion.

custom. Third, it claims that the Court's ruling fails to give effect to all contractual language and is internally inconsistent. Finally, Defendant argues that the Court erred in failing to dismiss Nationwide's bad faith claim given Plaintiff's lack of supporting evidence. It concludes that the Opinion contains clear errors of law and fact, misapprehends the parties' positions, fails to consider or address certain properly presented evidence, and, in sum, is manifestly unjust. As a matter of course, Plaintiff responds that reconsideration is unwarranted in light of the Court's proper application of both the facts and law.

Upon thorough review of the parties' conflicting arguments, this Court finds no basis on which to grant reconsideration. A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are granted sparingly. Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). The grant of such a motion is not proper where it simply asks the court to "rethink what [it] had already thought through – rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted). Motions for reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). "Nor may a motion for reconsideration be used to revisit or raise new issues with the benefit of 'the hindsight provided by the court's analysis.'" Marshak v. Treadwell, No. CIV.A.95-3794, 2008 WL 413312, at *7 (D.N.J. Feb. 13, 2008) (quoting United States v. Jones, 158 F.R.D. 309,

314 (D.N.J. 1994)), aff'd in part and remanded by 595 F.3d 478 (3d Cir. 2009).

Defendant's Motion for Reconsideration is nothing more than a request that this Court rethink the issues fully presented in the Cross-motions for Summary Judgment. In those Motions, the parties extensively argued the issues of contract interpretation, the meaning of the Third Circuit's prior opinion in this case, the applicability and impact of expert evidence regarding industry custom and practice, and the presence or absence of evidence regarding Defendant's alleged bad faith. Following a thorough review of the parties' six separate briefs on all of the issues, together with the wealth of evidentiary exhibits submitted in support, the Court issued a sixty-four page Memorandum. This decision clearly set forth all of the Court's rulings and explained the legal and factual bases upon which they rested. Such rulings encompassed a discussion of the precise arguments upon which Defendant now seeks reconsideration. Nothing in the present Motion sets forth any clear error of law or fact, proposes new evidence not previously available, or suggests a change in the intervening law. Indeed, the Motion is simply an attempt to rehash arguments that the Court already considered and rejected. Accordingly, the Court denies the Motion for Reconsideration in its entirety.

## II. MOTION FOR A CERTIFICATE OF APPEALABILITY

Alternatively, Defendant seeks certification of the scope of coverage issue for interlocutory appeal. The Court deems this issue to have significantly more merit.

Pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Id. In other words, a non-final order may only be certified for interlocutory appeal if the court determines that it: (1) involves a "controlling question of law;" (2) for which there is "substantial ground for difference of opinion;" and (3) which may "materially advance the ultimate termination of the litigation" if appealed immediately. Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). Each of these elements must be met for certification to issue. Mitchell v. Axcan Scandipharm, Inc., No. CIV.A.05-243, 2006 WL 986971, at *1 (W.D. Pa. Mar. 13, 2006). Even if all of the elements are satisfied, the decision to certify an interlocutory order for appeal under section 1292(b) "rests within the sound discretion of the trial court." L.R. v. Manheim Twp. Sch. Dist., 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) (internal quotations omitted). The burden remains on the party seeking certification to demonstrate that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." Id. (internal quotations omitted).

The matter before the Court presents such an exceptional case justifying an immediate interlocutory appeal. As to the first element, the Third Circuit Court of Appeals has held that a "controlling question of law" is one which: (1) if decided erroneously, would lead to reversal on appeal; or (2) is "serious to the conduct of the litigation either practically or legally." Katz, 496 F.2d at 755 (citations omitted). "[O]n the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors [of 28 U.S.C. § 1292(b)] to be a highly relevant factor." Id. (citation omitted); see also 19 James W. Moore, et al., MOORE'S FEDERAL PRACTICE ¶ 203.31[3] (3d ed. 2003) (a controlling question of law is one that "has the potential

of substantially accelerating disposition of the litigation").

Plaintiff asserts that this Court's Memorandum and Order does not involve a controlling question of law. It argues that even if the Third Circuit reversed this Court's decision and found that the ALTA 9 Endorsement only covered certain types of prior-approval-of-future-purchaser restrictions, this Court already noted that Nationwide presented "a plethora of evidence demonstrating that it suffered damages not only from the use restrictions contained within the Declaration of Restrictions, but also from the Declaration of Restrictions's provisions regarding Franklin Mills' right to approve a future purchaser, option to purchase and private assessment." Nationwide Life, 2011 WL 611802, at *20 n.10. Thus, Plaintiff contends that Defendant would still be liable for coverage.

This Court must disagree. The entire core of this litigation centered on the scope of coverage of the title insurance policy (the "Policy"). During summary judgment proceedings, Commonwealth strenuously argued that the Policy covered only certain types of encumbrances within the Declaration of Restrictions and that those encumbrances were not the source of Commonwealth's damages. The Memorandum and Order, however, found that the Policy covered the entirety of the Declaration of Restrictions, including all of the encumbrances therein contained. As it was clear that Nationwide's damages arose directly from the enforcement of provisions in that Declaration of Restrictions, the Court concluded that Commonwealth was liable. While commenting, in *dicta*, that Plaintiff appeared to have suffered damages from both use and prior approval restrictions, the Court emphasized that there was "no need to determine the precise source of Nationwide's damages." Id. Should the Third Circuit now disagree on the scope of coverage issue, either the Appellate Court or this Court would have to ascertain whether

Nationwide had damages that arose from encumbrances covered by the Policy and the precise amount of those damages. Thus, Nationwide's potential recoverable damages could be limited or eliminated altogether. Given these circumstances, the first element has been satisfied.

Under the second element, there is a "substantial ground for difference of opinion" about an issue when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority." McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984). Stated another way, "[s]ubstantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard." Bradburn Parent Teacher Store, Inc. v. 3M, No. CIV.A.02-7676, 2005 WL 1819969, at *4 (E.D. Pa. Aug. 2, 2005). Conflicting and contradictory opinions can provide substantial grounds for a difference of opinion. White v. Nix, 43 F.3d 374, 378 (8th Cir. 1994). Additionally, the absence of controlling law on a particular issue can constitute "substantial grounds." Chase Manhattan Bank v. Iridium Africa Corp., 324 F. Supp. 2d 540, 545 (D. Del. 2004).

The particular question at issue in this case – the scope of coverage of an ALTA 9 Endorsement – is one of first impression. The Third Circuit, while strongly hinting as to its leanings on this question, has yet to clearly opine on the issue. Similarly, neither party has cited – nor has this Court found – any other judicial opinion, arising either on the appellate or district court level, discussing the scope of coverage of the widely-used ALTA 9 Endorsement. Indeed, the uniqueness of this matter is reflected by the American Land Title Association's listing of the case as one of the "Top Lawsuits Impacting the Title Industry." See http://www.alta.org/publications/titlenews/10/Volume89_Issue05.pdf (last visited March 22, 2011). The sheer absence of any persuasive, let along controlling, law on this issue is sufficient on its own to

provide substantial grounds for difference of opinion. Accordingly, the second element for interlocutory appeal has been met.

Finally, the Court must consider whether an interlocutory appeal would materially advance the termination of this litigation. This requirement is "closely tied to the requirement that the order involve a controlling question of law." 16 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3930, 423 (2d ed. 1996). "Several factors are pertinent in determining whether an immediate appeal would materially advance the ultimate termination of the litigation, including: (1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." Patrick v. Dell Fin. Servs., 366 B.R. 378, 387 (M.D. Pa. 2007) (citing Interwave Tech, Inc. v. Rockwell Automation, Inc., No. CIV.A.05-398, 2006 WL 401843, at *6 (E.D. Pa. Feb. 16, 2006). On the other hand, "'[w]here discovery is complete and the case is ready for trial an interlocutory appeal can hardly advance the ultimate termination of the litigation." Id. (quoting Bradburn, 2005 WL 1819969, at *4 (additional quotation marks omitted)).

This element gives the Court some pause as neither party offers any detailed argument as to whether interlocutory appeal would materially advance the termination of this long-pending matter. Defendant, however, has represented to the Court that, regardless of the outcome of this Motion, it will, at some point, appeal the case to the Third Circuit. If interlocutory appeal is not granted, the Court will conduct a trial as to the damages owed to Plaintiff in this case, after which Defendant will appeal the summary judgment ruling to the Third Circuit. Should the Third Circuit agree with this Court's ruling and the damages award, the matter will be concluded.

Should the Third Circuit disagree, however, this Court will likely be required to conduct a second trial to determine whether and to what extent Plaintiff suffered damages as a result of encumbrances covered by the Policy. On the other hand, if interlocutory appeal is granted, the Third Circuit will have the opportunity to immediately address the scope of coverage issue. Regardless of its decision, the case will likely be remanded to this Court to conduct a trial as to which damages arose from encumbrances covered by the Policy. In short, without an interlocutory appeal, the parties face at least one, and possibly two damages trials, with a definite appeal in the middle. With an interlocutory appeal, however, the parties will obtain a certain ruling on the unsettled question of scope of coverage and need prepare for only one damages trial. Weighing the relative burdens on both the parties and the judicial system, the Court finds that the third element is satisfied.

While wary of permitting piecemeal litigation, the Court finds that the present issue involves a controlling question of law about which there is a substantial difference of opinion, the appeal of which will materially advance this litigation. Moreover, the Third Circuit's determination of this issue could potentially have a widespread impact on the underwriting and application of land title insurance policies in the United States. Accordingly, the Court grants the certificate of appealability on the sole issue of the scope of coverage under the ALTA 9 Endorsement.